IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2016

**ANGELA SLAVKO v. SCOTT SLAVKO**

**Appeal from the Circuit Court for Marshall County**
No. 11CV04     Franklin L. Russell, Judge

_____

**No. M2015-01267-COA-R3-CV – Filed September 9, 2016**

_____

This post-divorce appeal concerns the mother's notice of intent to relocate to Pennsylvania with the parties' minor children. The father responded by filing a petition in opposition to the requested relocation. The trial court granted the father's petition. The mother appeals. We reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, P.J., M.S., and KENNY ARMSTRONG, J., joined.

Debbie Zimmerle, Lewisburg, Tennessee, for the appellant, Angela Slavko.

Scott Slavko, Lewisburg, Tennessee, pro se.

**OPINION**

## I.     BACKGROUND

Angela Slavko ("Mother") and Scott Slavko ("Father") were married on May 18, 2001. Two children were born of the marriage. Mother filed a complaint for divorce on January 21, 2011, alleging inappropriate marital conduct and irreconcilable differences as statutory grounds. Father responded by filing a counter-complaint for divorce, also alleging inappropriate marital conduct and irreconcilable differences as statutory grounds.

Mother and Father (collectively "the Parties") were divorced by final decree in April 2012. The divorce decree incorporated a parenting plan in which Mother was designated as the primary residential parent of the Children, while Father was awarded 119 days of co-parenting time. Thereafter, Mother filed a petition to modify the

permanent parenting plan and establish Father's child support obligation. The trial court granted the motion by adjusting the parenting plan to accommodate Father's work schedule and by ordering him to remit payment for child support in the amount of $388 per month.

On April 6, 2015, Mother provided Father with a notice of intent to relocate to Philadelphia, Pennsylvania, citing her desire to reside with her current husband, an employment opportunity, an educational opportunity, proximity to relatives and a church, and the availability of extracurricular activities for the Children as reasons for the relocation. Mother explained that her current husband moved to Pennsylvania to care for his biological son and that she currently lives with her mother in an attempt to ease the financial strain of maintaining two households. Father responded by filing a petition in opposition to the requested relocation, asserting that the proposed relocation was neither reasonable nor in the best interest of the Children, who had established a close relationship with him and the maternal grandmother. He further alleged that the opportunities cited by Mother were available in Tennessee and that the relocation was "primarily for the benefit of [Mother] and her new husband."

A hearing was held at which the Parties testified. Mother provided a statement of the evidence because a transcript was not available for this court's review. Pursuant to the statement, Mother testified that her husband moved to Pennsylvania to tend to his son's physically debilitating medical needs. She explained that the court would not permit long-distance visitation given the child's medical condition. She stated that she and her minor children moved in with her mother following her husband's relocation. She alleged that her mother no longer wished to house her and the Children and refused to provide childcare while she worked. She explained that she is employed as a nurse with an hourly wage of approximately $25.63 per hour and an additional $7 per hour when she works on weekends.

Mother testified that she obtained employment in Pennsylvania with an agency that would provide an approximate $30,000 increase in her current pay with the same amount of hours. She also intended to pursue an educational opportunity while working. She sought to enroll the Children in a private school with a 14 to 1 student to teacher ratio. She further provided that her husband was willing to care for the Children while she worked and that combining their households would provide her with greater financial stability. She questioned Father's financial stability and alleged that he requested her assistance in remitting payment for an electric bill in February 2015.

Father conceded that he had considered relocating to Pennsylvania at one time. He stated that he had just obtained employment at Frito Lay in Middle Tennessee and that he intended to arrange his schedule to better accommodate the Children. He

provided that the maternal grandmother agreed to provide childcare for him as needed. He asserted that relocating the Children away from their maternal grandmother "would not be good for them." He questioned Mother's desire to move to Pennsylvania and claimed that she had mentioned relocating to several different places. He believed that she simply wanted to leave Tennessee.

Following the presentation of the evidence, the trial court entered an order, which provided, in pertinent part, as follows:

> THIS cause came to be heard on the 29th day of May, 2015, upon [Father's] Petition in Opposition to Relocation. Based upon the evidence presented, the Court finds th[e] following:
>
> That [Mother] shall not be awarded permission or allowed to relocate with the parties' minor children[.]

The court then entered an agreed permanent parenting plan in which Father was designated as the primary residential parent and Mother was provided with 65 days of co-parenting time. Mother was also tasked with remitting child support in the amount of $596 per month. This timely appeal followed.[1]

## II.    ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.    Whether this court must vacate the judgment and remand the action based upon the court's failure to issue specific findings of fact and conclusions of law pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure.

B.    Whether the proposed relocation must be permitted pursuant to Tennessee Code Annotated section 36-6-108(d)(1).

---

[1]Father failed to file a responsive brief. Accordingly, this matter was submitted for a decision on the record and the appellant's brief pursuant to Rule 29(c) of the Tennessee Rules of Appellate Procedure.

## III. DISCUSSION

### A.

Rule 52.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part, as follows:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

Here, the trial court failed to find the facts specially and state separately its conclusions of law before directing entry of the appropriate judgment.

In the absence of specific findings of fact and conclusions of law, an appellate court will generally either (1) remand the action with direction to the trial court to issue the appropriate findings and conclusions or (2) conduct a de novo review to determine where the preponderance of the evidence lies. *Lovelace v. Copley*, 418 S.W.3d 1, 35-36 (Tenn. 2013) (citations omitted). Remanding to the trial court would only further prolong this litigation and potentially result in a second appeal, thereby frustrating the ability of the Children to achieve closure and finality in an already tenuous situation. Moreover, we believe that conducting a de novo review is feasible here given the record and the specific framework provided by the parental relocation statute, codified at Tennessee Code Annotated section 36-6-108, in determining such issues.

### B.

The parental relocation statute creates a mechanism for determining whether a parent who has custody of a child may relocate outside the state or more than 100 miles from the other parent within Tennessee. Tennessee Code Annotated section 36-6-108(d)(1) applies in this action because the record reflects that Father did not spend substantially equal intervals of time with the Children. The provision provides:

> (d)(1) If the parents are not actually spending substantially equal intervals of time with the child and the parent spending the greater amount of time with the child proposes to relocate with the child, the other parent may, within thirty (30) days of receipt of the notice, file a petition in opposition to removal of the child. The other parent may not attempt to relocate with the child unless expressly authorized to do so by the court pursuant to a change of custody or primary custodial responsibility. The parent spending

the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:

> (A) The relocation does not have a reasonable purpose;
>
> (B) The relocation would pose a threat of specific and serious harm to the child that outweighs the threat of harm to the child of a change of custody; or
>
> (C) The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the non-custodial parent or the parent spending less time with the child.

Tenn. Code Ann. § 36-6-108(d)(1). The parent opposing the relocation bears the burden of proof to establish one of these three grounds. *Clark v. Clark*, No. M2002-03071-COA-R3-CV, 2003 WL 23094000, at *3 (Tenn. Ct. App. Dec. 20, 2003). The relocation shall be permitted if the opposing parent fails to prove any of the three grounds. Tenn. Code Ann. § 36-6-108(d)(1). If the court finds one of the grounds to be present, "the court shall determine whether or not to permit relocation of the child based on the best interest of the child." Tenn. Code Ann. § 36-6-108(e).

Here, Father never alleged that the motive behind the desire to relocate was vindictive or that the relocation posed a threat of serious and specific harm to the Children. Accordingly, we will limit our review to whether the proposed relocation has a reasonable purpose. "[D]eterminations concerning whether a proposed move has a reasonable purpose are fact-intensive and require a thorough examination of the unique circumstances of each case." *In re Spencer E.*, No. M2009-02572-COA-R3-CV, 2011 WL 295896, at *11 (Tenn. Ct. App. Jan. 20, 2011) (citation omitted). "[T]he 'reasonable purpose' of the proposed relocation must be a significant purpose, substantial when weighed against the gravity of the loss of the non-custodial parent's ability 'to participate fully in their children's lives in a more meaningful way.'" *Webster v. Webster*, No. W2005-01288-COA-R3-CV, 2006 WL 3008019, at *14 (Tenn. Ct. App. Oct. 24, 2006) (quoting *Aaby v. Strange*, 924 S.W.2d 623, 631 (Tenn. 1996)). "As this [c]ourt has held in the past, the desire of a primary residential parent to move to be near his or her extended family can form the basis for a reasonable purpose, particularly when this reason is augmented by additional considerations." *Rogers v. Rogers*, No. W2006-00858-COA-R3-CV, 2007 WL 1946617, at *11 (Tenn. Ct. App. July 3, 2007) (citing *Price v. Bright*, No. E2003-02738-COA-R3-CV, 2005 WL 166955, at *11 (Tenn. Ct. App. Jan. 26, 2006); (*Caudill v. Foley*, 21 S.W.3d 203, 212 (Tenn. Ct. App. 1999)). In *Rogers*, the court held that the purpose for relocating was unreasonable when the *only*

reason for the proposed move was the proximity of extended family. 2007 WL 1946617, at *11 (noting that even that reason was speculative when the extended family had not yet moved to the proposed location). In contrast, this court determined in *Price* and *Caudill* that the purpose for relocating was reasonable when the relocating parent sought to be near family *and* when there were concrete job opportunities available. *Price*, 2005 WL 166955, at 11; *Caudill*, 21 S.W.3d, at 212.

Here, Mother cited numerous reasons in support of her relocation, including (1) proximity to her husband; (2) availability of support from extended family; (3) an employment opportunity with an increased income; (4) the ability to pursue post-graduate education; and (5) the absence of reliable family support in Tennessee. She also claimed that the relocation would reduce the financial strain of maintaining two households and testified concerning specific educational and extracurricular activities for the Children. Father failed to respond to the majority of Mother's stated reasons in his petition in opposition to the proposed relocation or at the hearing. He simply asserted that similar opportunities were available in Tennessee and that the relocation would disrupt the Children's relationship with the maternal grandmother. He also claimed that the relocation was solely for the benefit of Mother and her current husband.

We agree that similar employment and educational opportunities may be available in Tennessee. However, Mother presented many other considerations in support of her proposed relocation. With all of the above considerations in mind, we conclude that the stated purposes for relocating are reasonable and substantial when considered together and that the purposes outweigh Father's loss of co-parenting time. Accordingly, we need not address whether the relocation was in the best interest of the Children. *See* Tenn. Code Ann. § 36-6-108(d)(1) (providing that relocation shall be permitted unless one of the enumerated grounds has been established). We reverse the decision of the trial court.

## IV.   CONCLUSION

The judgment of the trial court is reversed. The case is remanded for further proceedings such as modification of the parenting plan to accommodate Mother's relocation. Costs of the appeal are taxed to the appellee, Scott Slavko.

_____
JOHN W. McCLARTY, JUDGE

- 6 -